VANDEVORT v. VANDEVORT.

(Supreme Court, General Term, Fifth Department.   June, 1888.)

WILLS—CONSTRUCTION—LEGACY IN LIEU OF DOWER AND TO PAY DEBT TO WIFE.
    One clause of a will, after certain specific bequests to testator's wife, provided that, inasmuch as he was indebted to his wife in about $1,700 for money loaned: "I do give and bequeath the sum of $5,000, which sum I desire her to accept and receive in payment of my indebtedness to her, and I further will and direct that said sum of $5,000 shall be received by my said wife in lieu of dower, but I attach no conditions to the other provisions in her favor in this clause contained. Should she accept said sum of $5,000 in payment of my indebtedness and in lieu of dower, as above.

provided, " this bequest was given a preference, and made a charge on the real estate. *Held,* that the widow could not limit the effect of her acceptance of this provision to a release of dower only.   HAIGHT, J., dissenting.

Appeal from circuit court.

Argued before DWIGHT, BRADLEY, and HAIGHT, JJ.

*T. H. Bennett,* for appellant.   *E. K. Burnham,* for respondent.

DWIGHT, J.   The action was by the widow of the defendant's testator for money loaned to her husband in his life-time.   The claim was established by the production of certain drafts indorsed over by the plaintiff to her husband, and by an express acknowledgment of the indebtedness in the will of the latter.   The only question in the case relates to the effect of a provision of the will by which a legacy was bequeathed to the plaintiff, and of her acceptance of the bequest.   The second clause of the will, after bequeathing to the plaintiff a watch and chain, a jewel case and its contents, and all the household furniture, provisions, and family stores, proceeds in the following words: "Inasmuch as my said wife has heretofore loaned and advanced to me the sum of about $1,700 in money belonging to her, and I am now justly indebted to her in about that sum, I do therefore give and bequeath the sum of $5,000, which sum I desire her to accept and receive in payment of my indebtedness to her, and I further will and direct that said sum of $5,000 shall be received by my said wife in lieu of dower in my real estate; but I attach no conditions whatever to the other provisions in her favor in this clause contained.   Should she accept said sum of $5,000 in payment of my indebtedness and in lieu of dower, as above provided, I direct that the same be paid to her by my executors in preference to any devise or bequest herein contained, and I do hereby expressly charge my entire estate with the payment thereof."   There is but little evidence on the subject of the plaintiff's acceptance of the bequest, and what there is is uncontradicted.   The testator died in September, 1885.   The plaintiff became acquainted with the provisions of the will within a week thereafter.   She told a neighbor, in October of the same year, that she intended to accept the provisions of the will.   The executor told her in December, when the appraisal was being made, that, in his judgment, she had better present her claim, and take what she could get by way of dower, rather than to rely on the will.   She said she was perfectly satisfied with the will, and thought the executor was trying to influence her not to accept the provisions of the will, in the interest of his son, the residuary devisee.   In September, 1886, she wrote the executor, urging him to let her have "the money due her from the estate" at once, "principal and interest."   In October, 1886, she called upon the executor for the interest on the legacy; and, having been paid $300, gave a receipt for that sum as "in full of one year's interest, due me September 17, 1886, on the bequest of $5,000 made to me by the will of my late husband."   The executor having advertised for claims to be presented on or before December 18, 1886, this claim was not presented until the latter part of March, 1887; and this action was commenced in July following.   The plaintiff now says that she has accepted the bequest in lieu of dower, but not in discharge of indebtedness mentioned therein, which is the subject of this action.   The question is whether that course was open to her, or whether, having accepted the bequest, that acceptance must be deemed to have discharged the indebtedness due her, as well as released her claim of dower.   The trial judge, in his opinion, held the language of the bequest, in respect to a satisfaction of a debt, to be precatory merely, and not to impose a condition upon the acceptance of the bequest, and consequently that the legatee was at liberty to accept the bequest in lieu of dower, and not in satisfaction of the debt; and he treats it as a question of fact, to be determined against her only by a preponderance of evidence, whether she has elected to accept it in satisfaction of a debt.

We are unable to see how there was any question of fact on this branch of the case. There was no pretense that the plaintiff ever executed any release or acquittance of the debt; nor any evidence tending to show that she ever held out that she would discharge the debt in order to induce the payment of the bequest, or any part of it. If the course was open to her to accept the bequest in lieu of dower only, and retain her claim against the estate, then no act or declaration of hers merely in acceptance of the bequest could have the effect to discharge the debt. Even after full payment of the legacy, she might still say: "I have accepted the bequest, it is true, but only in lieu of dower." So that the question necessarily recurs, and the answer to it must be decisive of this action, is it possible for the plaintiff to qualify her acceptance of this bequest, and limit its effect, to a release of her dower? And this, we think, is purely a question of law, to be determined by the construction to be given to the bequest itself. The language employed by the testator in respect to the discharge of the indebtedness is precatory in form, "which sum I desire her to accept and receive in payment of my indebtedness to her." In respect to the release of dower it is absolute in form, "and I further will and direct that said sum shall be received by my said wife in lieu of dower." But is there any difference really, in effect, between the two expressions? It was not competent for the testator to require or "direct" that the bequest should be accepted either in lieu of dower or in satisfaction of the debt. He could do no more, in respect to either, than to offer to the plaintiff the election of the acceptance or rejection of the provision of the will, and impose a condition or conditions in case of its acceptance. This he has done. The only question is did he impose one condition or two,—the release of dower merely, or also the satisfaction of the debt? We think the provision must be construed as imposing both conditions in case of acceptance. And this construction derives support from the language employed in the remainder of the provision. After stating that he attaches no conditions to the other provision in his wife's favor contained in the clause, viz., the bequest of specific property with which the clause begins, he proceeds: "Should she accept said sum of $5,000 in payment of my indebtedness and in lieu of dower, as above provided, I direct that the same be paid to her by my executors in preference to any devise or bequest herein contained, and I do hereby expressly charge my entire estate with the payment thereof." Here the two supposed conditions are placed in the same category, are spoken of alike, as "provided above," and both are unquestionably made conditions of the preference in payment, and the charge on the real estate, of the legacy in question. We find no sufficient evidence that the testator so . distinguished between those conditions as to intend that the one should be imposed absolutely, and the other at the pleasure of the legatee. We think the rule, well stated in *Caulfield* v. *Sullivan*, 85 N. Y. 158, that he who accepts a bequest does so on condition that he conforms to the will, and gives it full effect, is applicable to this case, and to both the conditions which we have had under consideration. We think the plaintiff was not at liberty to accept one of those conditions, and reject the other; and that, having accepted the bequest, this action cannot be maintained.

The judgment must be reversed and a new trial granted; costs to abide event.

BRADLEY, J., concurs. HAIGHT, J., dissents. BARKER, J., not sitting.